Ms. Carla Woodruff c/o Ken Ferguson, Director Human Resources 200 E. 8th Ave., Room 104 Pine Bluff, AR 71601
Dear Ms. Woodruff:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a section of the Arkansas Freedom of Information Act (A.C.A. § 25-19-101 et seq.) (FOIA), concerning the release of a certain record.
You indicate that the City of Pine Bluff has received a request for your initial job application. It is my understanding that the custodian of the records has determined that this record should be released with certain information redacted.
I am directed by law to issue an opinion as to whether the custodian's determination concerning the release of these records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that the custodian's determination that the record should be released, with redactions, is consistent with the FOIA.
Your initial job application constitutes a "personnel record," within the meaning of the FOIA. "Personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
I have not been provided with a copy of your job application. I therefore cannot opine definitively with regard to its releasability. However, I can state as a general matter that the release of job applications normally does not constitute a "clearly unwarranted invasion of personal privacy." On the other hand, job applications often contain individual items of information that should nevertheless be withheld from the public. Such information should be redacted before the record is released. For example, under federal law, your social security number should be redacted. See 5 U.S.C. § 552a, note. In addition, your home address and telephone number should be redacted. See Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998) (home addresses of police officers not releasable because such information could be used to harass them). Any other information contained in your application that falls within an exemption from disclosure should also be redacted before the record is released.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General